all suits at law or in equity, pending at the time of the adjudication of bankruptcy; and by the 28th section the assignee is to be allowed in his account for the fees, costs, and expenses of suits, &c. The 6th section of the bankrupt act of 1841 [5 Stat. 445] gave ample jurisdiction to this court over all matters connected with the due settlement of the bankrupt's estate; and while the supreme court held, that, in a case like the present, the district court had full jurisdiction to bring all parties in interest before it and marshal the assets, there was nothing in the act which required that it should in all cases be absolutely exercised; on the contrary, when suits are pending in the state courts, and there is no suggestion of fraud, and nothing appears which requires the equitable interference of this court to prevent mischief or wrong to the general creditors, or a waste or misapplication of the assets, the parties may well be left to proceed with such suits, &c. Therefore, while in the case Ex parte Christy, 3 How. [44 U. S.] 292, the supreme court sustained the action of the district court, which had granted relief in the premises, it denied relief in the case of Norton's Assignee v. Boyd, 3 How. [44 U. S.] 434. A similar decision was made by Judge McLean in his circuit, in the case of McLean v. Rockey [Case No. 8,891]. These decisions settle the law of this case, and give to us the rule by which we are to be guided in all similar applications. The petition filed in this case is therefore dismissed.

---

## Case No. 1,729.

BOWIE et al. v. BLACKLOCK.

[2 Cranch, C. C. 265.][1]

Circuit Court, District of Columbia. Nov. Term, 1821.

NEGOTIABLE INSTRUMENTS—NON-PAYMENT— NOTICE TO INDORSER.

It is a sufficient excuse for not giving notice to the indorser of the non-payment of a promissory note by the maker, that the holder called at the usual place of business of the indorser, in business hours, and found it shut and no person there to receive notice.

[See Burrows v. Hannegan, Case No. 2,205.]

At law. Assumpsit [by Bowie and Kurtz] against R. S. Blacklock, surviving partner of the firm of N. & R. S. Blacklock, who were indorsers of William F. Thornton's note due 25th August, 1818. On that day N. Blacklock, one of the partners, died at Port Tobacco, in Maryland, and the store-house in Alexandria, where they usually transacted their mercantile business, was shut when the notary came, within the usual business hours, and knocked hard at the door, but no person appeared to whom he could give notice of the non-payment by the maker of the note. The defendant's dwelling-house was in Alexandria, a short distance from the store-house; but no notice was given or left at the dwelling-house.

THE COURT (nem con.) at the last term had, upon the trial, instructed the jury, that the plaintiffs could not recover, for want of notice to the defendant. The verdict being for the defendant, THE COURT permitted the plaintiffs to move for a new trial, on the ground of misdirection of the jury upon the question of notice.

Mr. Taylor, for the plaintiff, cited Crosse v. Smith, 1 Maule & S. 545, and Parker v. Gordon, 7 East, 385.

Mr. Mason, contra, cited Chit. Bills, 136, 201, 202.

THE COURT (THRUSTON, Circuit Judge, absent) overruled the opinion before given, and instructed the jury that the holder of the note was only bound to call at the usual place of business of the defendant, in business hours; and if it be shut, and no person there to receive notice, the holder is excused for not giving notice.

---

BOWIE (FOWLE v.). See Cases Nos. 4,994 and 4,995.

---

## Case No. 1,730.

BOWIE v. HENDERSON.

[Cited in Denny v. Henderson, Case No. 3,- 806. Nowhere reported; opinion not now accessible; subsequently affirmed by supreme court, 6 Wheat. (19 U. S.) 514.]

---

## Case No. 1,731.

BOWIE v. HUNTER.

[4 Cranch, C. C. 699.][1]

Circuit Court, District of Columbia. March Term, 1836.

EVIDENCE—DECLARATIONS — IMPEACHING BILL OF SALE.

To prove that the bill of sale of a slave by a mother to her son was fraudulent as to her creditors, her declarations, prior to the date of the deed, were permitted to be given in evidence.

At law. Replevin for a slave named Mahala. The defendant [Alexander Hunter], the marshal of the District of Columbia, had taken the slave by virtue of fi. fa. against one Elizabeth Beale, the mother of the plaintiff [Allen P. Bowie]. The plaintiff claimed the slave under a bill of sale made by her to him, on the 22d of October, 1831, acknowledged and recorded the same day.

Mr. Bradley, for the defendant, contended that the bill of sale was fraudulent as to Mrs. Beale's creditors, and offered evidence to prove, that shortly before the execution of the bill of sale, she declared she would convey away all her property, so that the cred-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]